UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00065-HBB

JAMES R. PEPPER                                                                                    PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                                    DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff James R. Pepper seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 17) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered July 5, 2017 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income and Disability Insurance Benefits on March 11, 2014 (Tr. 224-38). Plaintiff alleged that he became disabled on February 18, 2011 (Tr. 224) as a result of diabetes, high blood pressure, blurred vision, weakness in legs, degenerative disc disease, and "arthritis in back, nerves" (Tr. 252). Administrative Law Judge Ronald Kayser ("ALJ") conducted a hearing on June 14, 2016 in Lexington, Kentucky. Plaintiff was present and represented by Gail M. Wilson. Also present and testifying was vocational expert Martha Goss.

In a decision dated July 29, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 38-53). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 18, 2011, the alleged onset date (Tr. 44). At the second step, the ALJ determined that Plaintiff has no "severe" impairments within the meaning of the regulations (Tr. 44). As a result, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 18, 2011 through the date of the decision (Tr. 47).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 34). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.

Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

3

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the second step. For the reasons set forth below, the commissioner's decision was supported by substantial evidence. The Plaintiff's complaint is therefore denied.

## Arguments of the Parties

Plaintiff's primary argument rests on attempting to prove that the ALJ's conclusion that none of Plaintiff's medically determinable impairments are severe is not supported by substantial evidence (DN 13 at PageID # 644-46). Plaintiff claims there is ample medical evidence to support a conclusion that he had a severe vision problem, a severe back problem, and a severe

mental health condition. Plaintiff notes that the standard at step two is intended to weed out frivolous claims, and the hurdle for finding a claimant disabled should not be a high bar.

As far as specific findings supporting Plaintiff's claimed severe impairments, Plaintiff first notes that records from Adanta confirm the severity of Plaintiff's depression and anxiety (DN 13 at PageID # 644). Plaintiff states that the ALJ must not have considered these records or otherwise he would have found the condition to be severe (Id.). With respect to the alleged diabetes mellitus and resulting vision problems, Plaintiff points to a record indicating Plaintiff's blood sugar was 339 on January 9, 2014 (Id.). And on December 2, 2014, Plaintiff's A1C was 8.30. Moreover, Plaintiff points to a letter from ophthalmologist Dr. Bloom, who opined that Plaintiff would be limited in certain work activities and would be unable to focus for more than four hours at a time (Id.). Plaintiff further claims that Dr. Bloom's opinion is consistent with his office notes, and the ALJ improperly disregarded Plaintiff's testimony concerning his blurry vision (DN 13 at PageID # 644-45). Finally, Plaintiff notes records of treatment for back pain, including an MRI indicating degenerative disc disease (DN 13 at PageID # 645). Plaintiff argues Dr. Nadim's office notes reflect the fact that Plaintiff would have difficulty accomplishing certain work-related activities due to his back pain (Id.).

In response, the Defendant points out that no treating physicians besides Dr. Bloom opined that any of Plaintiff's medically determinable impairments imposed work-related restrictions (DN 17 at PageID # 659). With respect to the vision issue, the Commissioner notes that Plaintiff was diagnosed with diabetes in 2006, continued working until 2011, received unemployment benefits until 2012, and even at the time of the hearing possessed a valid driver's license and drove two times a week (DN 17 at PageID # 660-61). Respecting the other alleged disabling conditions, the Commissioner notes that the ALJ relied on the state examining

5

physicians' reports, that such reliance was reasonable, and that Plaintiff has waived any challenge to the state examining physicians because he did not challenge their findings in his fact and law summary (DN 17 at PageID # 659). Finally, with respect to Plaintiff's alleged mental health issues, the Commissioner argues that, while Plaintiff was hospitalized on one occasion in 2013, he also stated that his depression is largely controlled with medication (DN 17 at PageID # 664). And, the ALJ relied on Dr. Dennis, the state psychological examining consultant, who noted that Plaintiff performed poorly on certain function tests, but Dr. Dennis believed the poor performance was largely a result of Plaintiff's refusal to cooperate, perhaps related to secondary gain (Id.).

Discussion

At the second step in the sequential evaluation process a claimant must demonstrate he has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" his ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863.

Here, only one of Plaintiff's treating physicians, Dr. Bloom, stated that any of the alleged disabling conditions would create limitations in a work environment (Tr. 466). The ALJ considered this opinion (Tr. 47) and concluded the letter was inconsistent with Plaintiff's own testimony. Specifically, the ALJ noted that Plaintiff has a driver's license, regularly drives a car, and watches hours of television each day (Tr. 47, Tr. 60, Tr. 73). Moreover, Plaintiff uses a riding lawn mower and hunted until a year before the hearing (Tr. 75). Ordinarily, a reviewing

court gives deference to such credibility determinations. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 538 (6th Cir. 1981). Plaintiff has offered no reason why the ALJ's determination does not deserve deference. Therefore, the undersigned concludes the ALJ's finding regarding the severity of Plaintiff's vision problems was supported by substantial evidence.

With respect to Plaintiff's diabetes, the undersigned notes that the ALJ did find this to be a medically determinable impairment, diagnosed in 2006 (Tr. 45). However, the ALJ noted that Plaintiff continued working until 2011, despite his condition (Tr. 45). Moreover, Plaintiff collected unemployment for a year and a half following being laid off in 2011, which suggests that, during that time, Plaintiff was presumably able and attempting to work. *See* Workman v. Comm'r of Soc. Sec., 105 F. App'x 794, 801 (6th Cir. 2004) ("Applications for unemployment and disability benefits are inherently inconsistent.") Moreover, while Plaintiff points out a couple of records reflecting high blood sugar, nothing requires the ALJ to discuss each individual medical record in detail. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). The ALJ clearly considered Plaintiff's diabetes, weighed the evidence, and concluded the condition was not severe. This conclusion was supported by substantial evidence.

Next, Plaintiff points to MRIs and treatment notes indicating positive straight leg raising, stiffness, and limited range of motion that he argues proves his degenerative disc disease is severe. But no medical opinion accompanies these tests that indicate any medical professional believed Plaintiff's condition would impact his ability to work. With no conflicting opinions, it is apparent that the ALJ's reliance on the state agency examining physician's report (Tr. 131-40) was entirely reasonable. The ALJ's conclusion that Plaintiff's degenerative disc disease didn't satisfy the requirements for a severe impairment was supported by substantial evidence.

7

The final issue is whether Plaintiff's depression and anxiety rose to the level of a severe impairment. Notably, Plaintiff has offered nothing to counter Dr. Dennis' conclusion that Plaintiff was not exhibiting a good faith effort during his evaluation (Tr. 380). Despite the poor effort, the ALJ acknowledged that Plaintiff has received mental health treatment and takes medication for his condition (Tr. 46). The ALJ assessed the record and Dr. Dennis' opinion and concluded that Plaintiff's condition is controlled with medication and not severe. This decision was supported by substantial evidence.

## Conclusion

Therefore, the undersigned concludes the ALJ's decision is supported by substantial evidence and comports with all applicable law.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's claims are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (DN 1) is dismissed with prejudice.

Copies: Counsel